# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERENCE LEE STOKES, SR., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 2:12-cv-00176-JMS-MJD |
| TARA SECREST, et al., | ) ) ) | |
| Defendants. | ) | |

**Entry Discussing Motions for Summary Judgment**

Plaintiff Terence Stokes is a federal inmate currently in the custody of the Federal Bureau of Prisons ("BOP") in Talladega, Alabama. He brings this lawsuit pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971), alleging that the defendants failed to protect him from harm on February 17, 2011, while he was housed at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). Arguing that Stokes failed to exhaust his available administrative remedies with respect to these claims, the defendants move for summary judgment. The Court finds that the motions [dkt 41 and dkt 59] must be **granted**.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l– Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and

draws all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, neither the "mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts will defeat a motion for summary judgment." *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000) (internal quotes omitted).

## II. Undisputed Facts

The BOP has an administrative remedy system which is codified at 28 C.F.R. § 542.10 *et seq*., and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. To exhaust the BOP's administrative remedies, an inmate must first file an informal request ("BP-8") with an appropriate institution staff member. If not satisfied with the proposed informal resolution, the inmate may file a formal request with the institution Warden ("BP-9"). If not satisfied with the response to the BP-9, the inmate may appeal to the Regional Director ("BP-10"). If not satisfied with the Regional Director's response, the inmate may appeal to the BOP's General Counsel ("BP-11"). Once an inmate receives a response to his appeal from the General Counsel and after filing administrative remedies at all required levels, the administrative remedy process is complete. An exception to the initial filing at the institutional level exists if the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the request became known at the institution. 28 C.F.R. § 542.14(d). In this instance, the inmate may submit the initial request directly to the Regional Director ("sensitive BP-10"). The submission must contain the word "sensitive" on the envelope, and contain a written explanation of the inmate's reasoning for not following the normal course and filing initially at the institutional level. If the Regional Administrative Remedy Coordinator agrees the issue is sensitive, the request will be accepted, and processed accordingly. If the Regional Administrative

Remedy Coordinator disagrees, the request will be rejected, the inmate will be advised of the rejection in writing, and the inmate will be directed to initiate his exhaustion efforts locally at the institutional level by filing a BP-9 with the Warden.

All codified BOP Program Statements are available for inmate access through the institution law library. Additionally, administrative remedy filing procedures are outlined in an Inmate Information Handbook which is available to inmates at their respective BOP facility.

Stokes' administrative filings were reviewed to determine whether or not he had exhausted the mandatory administrative remedy process in connection with the allegations contained in his Amended Complaint.

Stokes filed numerous administrative remedy requests after the February 17, 2011, incident at issue in his complaint. On April 8, 2011, Stokes filed administrative remedy request # 634258-F1 at the institution level claiming "UDC Appeal." This filing was rejected on the same date because Stokes failed to attach a copy of the incident report to his filing as required. He was instructed with the rejection notice that he could resubmit the grievance in proper form within 10 days of the date of the rejection notice. Instead of following the instructions for re-submission, Stokes, on April 21, 2011, filed administrative remedy request # 634258-R1 at the regional level. This filing was rejected because it was determined the issue was not a sensitive issue so as to allow direct filing with the region, and Stokes was instructed to first file a BP-9 through the institution correcting the errors and before appealing to the region. Stokes submitted no other filings for this administrative remedy number.

On April 13, 2011, Stokes filed administrative remedy request # 635087-F1 at the institution level claiming "Wants Teeth Fixed." This filing was closed with an explanation by the Warden on April 26, 2011. On June 22, 2011, Stokes filed administrative remedy request

3

# 635087-R1 at the regional level. This filing was rejected because it was untimely filed. On July 18, 2011, Stokes submitted administrative remedy request # 635087-A1. This submission was rejected on August 2, 2011 as untimely filed, and for failure to submit a complete set of 4 carbonized copies of the request or appeal form. Stokes was instructed at that time that he would need to provide documentation from staff on letterhead that the late filing was not his fault and then re-file at the BP-10 regional level. Stokes submitted no other filings for this administrative remedy number.

On May 25, 2011, Stokes filed administrative remedy request # 640809-F1 at the institution level claiming "UDC Appeal." This filing was rejected on the same date because it was untimely filed. On June 3, 2011, Stokes filed administrative remedy request # 640809-R1 at the regional level. This filing was rejected on the same date because it was untimely filed. On June 9, 2011, Stokes submitted administrative remedy request # 640809-A1. This submission was voided on July 6, 2011, explaining that it was rejected with errors. On June 23, 2011, Stokes filed administrative remedy request # 640809-A2, and that filing was rejected on July 6, 2011 as untimely filed, for failure to submit a complete set of 4 carbonized copies of the request or appeal form, for failure to provide a copy of the BP-9, failure to provide a copy of the regional appeal, and Stokes was instructed that he could resubmit in proper form within 15 days of the rejection notice. On May 26, 2011, Stokes filed administrative remedy request # 640981-F1 at the institution level claiming "Whats Dental Work Done." This filing was closed with explanation from the Warden on May 26, 2011. Stokes submitted no other filings for this administrative remedy number.

On June 23, 2011, Stokes filed administrative remedy request # 644876-F1 at the institution level claiming "Plumbing Problem." This filing was closed with explanation from the

Warden on June 23, 2013. On September 12, 2011, Stokes filed administrative remedy request # 644876-R1 at the regional level. This filing was rejected on September 14, 2011 because he did not submit the proper number of continuation pages. Stokes was instructed to resubmit in proper form within 10 days of the rejection notice. On October 12, 2011, Stokes submitted administrative remedy request # 644876-A1. This submission was rejected on October 25, 2011 informing Stokes that he needed to follow the instructions provided by the region and that he could resubmit his appeal in proper form within 15 days of the rejection notice. Stokes submitted no other filings for this administrative remedy number.

On June 23, 2011, Stokes filed administrative remedy request # 644880-F1 at the institution level claiming "Law Library Issues." This filing was closed with explanation from the Warden on the same date. On August 8, 2011, Stokes filed administrative remedy request # 644880-R1 at the regional level. This filing was closed with explanation on the same date. On September 14, 2011, Stokes submitted remedy 644880-A1. This submission was rejected for failure to submit the complete set of 4 carbonized copies of the request or appeal, for failure to provide a copy of the BP-9, for failure to submit the proper number of continuation pages. Stokes was instructed that he could resubmit in proper form within 15 days of the rejection notice. Stokes submitted no other filings for this administrative remedy number.

On June 30, 2011, Stokes filed administrative remedy request # 645903-F1 at the institution level claiming "Staff Allegations/Wants Tooth Fixed." This filing was rejected on the same date because Stokes failed to follow prison regulations requiring that his appeal not include more than one issue per appeal, unless other issues are closely related. Stokes was instructed that he must file a separate appeal for each incident report and was informed he could resubmit in proper form within 10 days of the date of the rejection notice. Stokes filed administrative remedy

request # 645903-R1 on August 12, 2011, at the regional level. This filing was rejected on August 15, 2011 because it was filed at the wrong level or with the wrong office and in the response Stokes was instructed that he must first file a BP-9 with the institution. Stokes submitted no other filings for this administrative remedy number.

### III. Discussion

The defendants argue that Stokes' claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims. In other words, the defendants argue that Stokes did not complete the administrative remedy process with respect to any grievance, including any grievance related to his claims asserted here. Stokes argues that he exhausted "the remedies to the best of [his] ability under the circumstances."

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in

the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

The undisputed evidence establishes that while Stokes filed numerous administrative remedy requests, he did not exhaust his administrative remedies with respect to his claims in this case. Stokes appears to argue that his administrative remedies became unavailable to him, stating that he "made numerous attempts to correctional officers, lieutenants, captain, warden, including the region as well as Washington DC, but my efforts was in vain."

In support of his argument, Stokes attaches a number of inmate request forms, most of which do not specifically relate to his claims in this case. He also attaches a number of documents related to administrative remedy Request 640809. These documents show that Stokes requested the BP-8 form on April 22, 2011 – more than 20 days after the February 17, 2011, incident. (Dkt 48-11). His counselor provided him the form that day. (*Id.*). Stokes signed and dated the completed BP-8 form on April 29, 2011, and returned it to his counselor on May 2, 2011. (*Id.*). That same day, his counselor provided him with a BP-9 form. (*Id.*). Stokes signed and dated his BP-9 form on May 2, 2011, but did not submit it until May 25, 2011, as shown by the "date received" stamp. (Dkt 48-12). The BP-9 was rejected on the same date as it was received because it was untimely filed and did not comply with the regulations providing for a proper remedy filing. (Dkt 48-14) Stokes next appealed the BP-9 rejection to the Regional Office on administrative remedy request # 640809-R1, signed and dated by Stokes on May 31, 2011, and received by the Regional Office on June 3, 2011. (Dkt 48-15). On June 3, 2011, the Regional Appeal was rejected because it was untimely filed, in violation of the mandatory regulations, at the institution level. (Dkt 48-16). Stokes appealed the Regional Office rejection to the Central Office in administrative remedy # 640809-A1, received by the Central Office, on June 9, 2011.

Stokes submitted no paperwork associated with this appeal, but file a second Central Office Appeal. (Dkt 41-1). This second appeal was received by the Central Office, as evidenced by the date-received stamp, on June, 23, 2011. (*Id.*). Administrative remedy # 640809-A2 was rejected on July 6, 2011, because Stokes did not attach his previous BP-9 or BP-10 carbonized forms with his appeal and the Central Office gave him an additional 15 days to re-submit an appeal in proper form. (*Id.*). Stokes did not re-submit a compliant appeal to the Central Office as instructed in the rejection notice, and remedy # 640809 remained unexhausted. (*Id.*).

While Stokes asserts generally that he made numerous attempts to exhaust his administrative remedies with respect to his claims in this case, he has not shown that he did exhaust his remedies or that he was thwarted in doing so. (Dkt 48, pg. 6). His general assertions that he "made numerous attempts" to exhaust are insufficient because he has not provided specific facts to rebut the facts presented by the defendants that Stokes did not exhaust those remedies that were available to him. *See Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406-407 (7th Cir. 2009) (To survive summary judgment, there must be evidence on which the jury could reasonably find for the nonmoving party, and the nonmoving party must point to specific facts showing that there is a genuine issue for trial; inferences relying on mere speculation or conjecture will not suffice.). Similarly, his assertion that he "did attempt to initiate the administrative remedy process prior to filing the lawsuit, however, without ample law research, correct and proper allegations to develop correct standards of facts, the exhausting of mandatory administrative remedies will be fruitless," (dkt 48, pg. 7), is insufficient because legal research is not necessary when filing grievances and because the Supreme Court has stressed that a futility exception will not be read "into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Finally, Stokes' own

statements undercut his assertion that his failure to exhaust his administrative remedies was due to misconduct on the part of BOP staff. Stokes says "SHU was a unhealthy and painful ordeal. The mental pain and suffering . . . made stay in the SHU a disastrous . . . experience" and "correctly exhausting grievances was not one of plaintiff's survival tactics." (Dkt 48, pg. 8).

In summary, it is undisputed that Stokes failed to exhaust his administrative remedies. He did not submit his grievances "'in the place, and at the time, the prison's administrative rules require.'" *Dale*, 376 F.3d at 655 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Stokes has not submitted sufficient evidence or argument that he was thwarted in his attempts to exhaust his administrative remedies. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Stokes' claims should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). Accordingly, the defendants' motion for summary judgment [dkt. 41 and dkt. 59] must be **granted**. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 06/19/2014

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TERENCE LEE STOKES, SR.
21130-076
FCI Talladega
Federal Correctional Institution
P.O. Box 1000
Talladega, AL 35160

All electronically registered counsel